# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 6, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BEST BUY,**
**Employer Below, Petitioner**

**vs.)    No.  15-1153** (BOR Appeal No. 2050493)
                (Claim No. 2011012729)

**JENNIFER PARRISH,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Best Buy, by Jeffrey M. Carder, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jennifer Parrish, by J. Thomas Greene Jr., her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 27, 2015, in which the Board affirmed the April 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 30, 2014, decision closing the claim for temporary total disability benefits and granting compensability on a limited basis, which decision did not include complex regional pain syndrome. It also reversed the claims administrator's December 4, 2014, decision denying a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Parrish, who worked in inventory management, was injured on September 23, 2010, when her right foot was crushed by a pallet jack. The claims administrator accepted compensability of the claim for a right foot crush injury. Temporary total disability benefits were paid for intermittent periods of time. A February 9, 2011, nuclear bone scan revealed extensive uptake in the left foot secondary to osteoarthritis, complex regional pain syndrome, or neuropathic pain. On July 13, 2011, Steven C. Miller, M.D., diagnosed tenosynovitis of the foot

1

with elements of continued, intermittent regional pain syndrome. A trial spinal cord stimulator was authorized on February 8, 2013. A permanent spinal cord stimulator was later authorized.

On January 7, 2014, Ms. Parrish was treated by Christopher Edwards, D.O., at Fairmont General Hospital after slipping and falling on ice. He was unable to tell if the spinal cord stimulator was still in place because it was not charged. Dr. Edwards diagnosed acute back and tailbone pain. Lumbar spine x-rays taken on January 13, 2014, showed the spinal cord stimulator to be in its proper place.

On January 20, 2014, Anna Allen, M.D., diagnosed complex regional pain syndrome and pain from the implanted hardware. Bill Hennessey, M.D., performed an independent medical evaluation on April 24, 2014. He noted Ms. Parrish's calf measurements only varied slightly and both legs appeared symmetrical. He found no evidence of complex regional pain syndrome during his evaluation, but noted Ms. Parrish may have had a mild case of complex regional pain syndrome in the past. He believed Ms. Parrish had reached maximum medical improvement and did not believe any additional medical treatment was necessary.

The claims administrator entered a claim decision on April 30, 2014, which stated in part, "Your application for benefits filed in the above claim was previously approved for right foot crush injury. You are eligible for temporary total disability benefits from April 22, 2014, through April 30, 2014". [1] The Office of Judges found the decision of the claims administrator to be ambiguous as to its purpose. It found that the decision could be construed to indicate that the only compensable condition in the claim was the right foot crush injury. Therefore, the Office of Judges determined that it would consider whether reflex sympathetic dystrophy should be a compensable condition.[2] The Office of Judges reviewed the records and reports of the physicians and determined that six treating physicians had opined that Ms. Parrish had complex regional pain syndrome.[3] Additionally, Dr. Hennessey agreed that Ms. Parrish may have had complex regional pain syndrome. Therefore, the Office of Judges determined that that the diagnosis of complex regional pain syndrome should be compensable. It reversed the decision and ordered the claims administrator to enter a decision finding complex regional pain syndrome compensable.

The claims administrator issued a second decision on April 30, 2014, closing the claim for temporary total disability benefits based on the independent medical evaluation of Dr. Hennessey. In its April 29, 2015, Order, the Office of Judges determined that the claims administrator closed the claim without first suspending the benefits and allowing Ms. Parrish to submit evidence of her continued disability. Therefore, the Office of Judges reinstated Ms. Parrish's temporary total disability benefits from May 1, 2014, until the claims administrator

---

[1] This was not the only decision regarding temporary total disability benefits issued by the claims administrator, nor the only period of temporary total disability benefits awarded.

[2] It does not appear that Ms. Parrish submitted a request to add reflex sympathetic dystrophy and/or complex regional pain syndrome as a compensable condition(s). It is unclear from the record when, why, or by whom compensability of the diagnosis was raised as an issue.

[3] The OOJ uses the terms reflex sympathetic dystrophy and complex regional pain syndrome interchangeably.

acted upon the issue after a reassessment of Ms. Parrish's condition based upon all the medical evidence.

The Office of Judges then turned to the December 4, 2014, decision of the claims administrator denying Ms. Parrish's request to reopen the claim for additional temporary total disability benefits. It reversed the claims administrator's decision because it stemmed from the improper closure of temporary total disability benefits. The Office of Judges also ordered the December 4, 2014, request to reopen not to count as one of Ms. Parrish's two allowable reopening requests.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges in affirming its Order on October 27, 2015. The Board of Review added that any payment to Ms. Parrish be paid within fifteen days of the date of its decision and that any other action that may be required as a result of its decision taken place within fifteen days of the date of its decision.

The medical evidence supports the addition of complex regional pain syndrome as a compensable condition. The claims administrator treated complex regional pain syndrome as a compensable condition as evidenced by the authorization and payment for medical treatment related to the condition, even though it does not appear that a formal request to add the condition as compensable was ever made. Additionally, the claims administrator should have suspended the temporary total disability benefits before closing the claim. If the claims administrator had done so, Ms. Parrish may not have needed to submit a motion to reopen.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3